UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MAURICE HILER,

        Petitioner,

v.                                CASE NO. 07-CV-11837
                                HONORABLE STEPHEN J. MURPHY, III
THOMAS BELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Charles Maurice Hiler has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence for criminal sexual conduct. Petitioner alleges that the Michigan sentencing guidelines were incorrectly calculated and that the trial court relied on inaccurate information when sentencing him. Petitioner's state-law argument is not cognizable on habeas review, and his federal constitutional argument lacks merit. Accordingly, the habeas petition must be denied.

**I. Background**

Petitioner was charged with eleven counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. The charges arose from allegations that Petitioner sexually penetrated and inappropriately touched his minor children. On February 24, 2005, he pleaded guilty in St. Clair County, Michigan to two

counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a) (sexual penetration involving a person under thirteen years of age), and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a) (sexual contact with a person under thirteen years of age).  In return, the prosecutor dismissed the remaining counts of criminal sexual conduct and a notice charging Petitioner with being a habitual offender.  The trial court sentenced Petitioner to concurrent terms of imprisonment as follows:  twenty-three to forty years for each count of first-degree criminal sexual conduct and eight to fifteen years for the one count of second-degree criminal sexual conduct.

Petitioner raised his habeas claim in applications for leave to appeal.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Hiler*, No. 264967 (Mich. Ct. App. Nov. 7, 2005) (unpublished), and on April 28, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue.  *See People v. Hiler*, 474 Mich. 1128; 712 N.W.2d 487 (2006).

Petitioner filed his federal habeas corpus petition on April 26, 2007.  His sole claim reads:

> Defendant must be resentenced where offense variable 11 was misscored and he was sentenced on the basis of inaccurate information.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

### III. Discussion

Petitioner seeks re-sentencing on the ground that offense variable 11 of the Michigan sentencing guidelines was mis-scored. He also alleges, for the same reason, that he was sentenced on the basis of inaccurate information. Petitioner maintains that, if offense variable 11 had been correctly scored with no points, his overall score for the offense variables would have been reduced, and his minimum sentence guideline range would have been lower.

### A. The State Law Argument

The state court's alleged misinterpretation of the Michigan sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. Sept. 16, 2003) (unpublished opinion citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines fails to state a claim for which

habeas relief may be granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.) (citing *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000)). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges,* 423 U.S. 19, 21 (1975) ( *per curiam* )). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

### B.  The Constitutional Argument

Petitioner's only constitutional argument is that the trial court relied on inaccurate information to sentence him. To prevail on this claim, Petitioner must show that the trial court sentenced him on the basis of "misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972). Sentencing courts may not rely on "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

### 1.  Offense Variable 11

Offense variable 11 of the Michigan Sentencing Guidelines requires scoring "all sexual penetrations of the victim by the offender arising out of the sentencing offense." MICH. COMP. LAWS § 777.41(2)(a). The score must be fifty points if two or more criminal sexual penetrations occurred, twenty-five points if one criminal sexual penetration occurred, and zero if no criminal sexual penetration occurred. MICH. COMP. LAWS § 777.41(1)(a)-(c). Multiple sexual penetrations beyond the sentencing offense may be scored in offense variable 12 (contemporaneous felonious criminal acts) or offense variable13 (continuing

pattern of criminal behavior). MICH. COMP. LAWS § 777.41(2)(b). Points may not be scored for the penetration that formed the basis for first-degree criminal sexual conduct. MICH. COMP. LAWS § 777.41(2)(c).

### 2. Application

Petitioner was convicted of the following counts: Count 1 (first-degree criminal sexual conduct - performing fellatio on his eleven-year-old son); Count 6 (second-degree criminal sexual conduct - fondling his eight-year-old son's penis); and Count 8 (first-degree criminal sexual conduct - kissing his six-year-old daughter's vaginal area). Petitioner argues that he admitted guilt as to these offenses only and that he should not have been scored any points for additional penetrations, which did not arise out of the same offenses. According to him, multiple penetrations of the same victim did not occur; instead, there were three different victims and one penetration per victim on counts 1 and 8 and no penetration for count 6. The trial court, however, scored twenty-five points under offense variable 11 for counts 1 and 8, and fifty points under offense variable 11 for count 6.

There was no preliminary examination or other testimony from which the trial court could ascertain the facts. However, at a state court hearing on Petitioner's sentencing issue, the probation officer stated that he was convinced from talking with Petitioner and from reading the police report that at least two penetrations occurred during each sentencing offense. Consequently, he determined that one penetration formed the basis for Petitioner's plea on Count 1 and the other penetration was the basis for scoring twenty-five points for offense variable 11. He made the same calculation for Count 8. The probation officer also was convinced that at least two penetrations occurred during the sentencing offense for Count 6. Because Count 6 involved sexual contact and not sexual

5

penetration, he scored fifty points for offense variable 11 as it pertained to Count 6. (Tr. Apr. 13, 2005, at 23-25).

Petitioner alleges that the trial court should not have considered the exhibits relied upon by the probation officer. According to Petitioner, the information consisted of a police report containing hearsay and a pre-sentence report, which was not self-authenticating and for which no foundation was laid.

"[T]he discretion of the sentencing judge is broad with respect to the nature and source of information utilized by him in sentencing," *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974), and "[r]elevant conduct for sentencing purposes . . . 'comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct.'" *United States v. Altamarano-Quintero,* 511 F.3d 1087, 1095 (10th Cir. 2007) (quoting *United States v. Allen*, 488 F.3d 1244, 1254-55 (10th Cir. 2007)), *cert. denied*, __ U.S. __, 128 S. Ct. 2098 (2008). Furthermore, Petitioner's trial attorney did not challenge the factual information contained in the exhibits presented at the state court hearing. (Tr. Apr. 13, 2005, at 42-43.) The Court therefore finds no merit in Petitioner's challenge to the exhibits admitted in evidence at the state court hearing.

## IV. Conclusion

The probation officer's determination that more than one penetration occurred for each sentencing offense leads this Court to conclude that the trial court did not rely on extensively and materially false information when scoring offense variable 11. Therefore, the conclusion of the Michigan Court of Appeals that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts. The state appellate court's conclusion also did not result in a decision that was contrary to, or an unreasonable application of,

clearly established federal law, as determined by the Supreme Court.  Accordingly, the habeas corpus petition [Dkt. 1] is **DENIED**.  The Court **DENIES** a certificate of appealability and leave to proceed *in forma pauperis* on appeal, because reasonable jurists would not disagree with the Court's resolution of Petitioner's constitutional argument.  *Banks v. Dretke*, 540 U.S. 668, 674 (2004) (citing *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)).

        s/Stephen J. Murphy, III  
        Stephen J. Murphy, III  
        United States District Judge

Dated:  February 3, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer  
        Case Manager